U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 5 2016

TONY R. MOORE  CLERK
BY _____
          DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME WEATHINGTON, Plaintiff | CIVIL ACTION NO. 1:16-CV-87; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| USA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jerome Weathington (#08121-028) filed suit under the Federal Tort Claims Act ("FTCA") and <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>.[1] He was granted leave to proceed *in forma pauperis* on February 4, 2016. (Doc. 7). Plaintiff was ordered to amend his complaint on February 26, 2016 (Doc. 8), and an amended complaint was filed on March 14, 2016 (Doc. 9). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff complains that he received inadequate dental care, entitling him to money damages under the FTCA and injunctive relief under <u>Bivens</u>.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

## Factual Background

Plaintiff alleges that, on January 2, 2009, while housed at the United States Penitentiary in Pollock, Louisiana, he requested dental care for a tooth that was chipped in a fight with other inmates. (Doc. 9, p. 4). The dentist told Plaintiff that he needed a root canal. A partial root canal was allegedly performed, and the dentist told Plaintiff that he would finish the root canal the following week. (Doc. 9, p. 4). The dentist did not call Plaintiff back the following week to complete the root canal. (Doc. 9, p. 4). Plaintiff submitted sick call requests asking that the root canal be completed, but his requests were allegedly denied. (Doc. 1, p. 11; Doc. 9, p. 4).

In 2011, Plaintiff was transferred to the United States Penitentiary in Talladega, Florida. (Doc. 9, p. 4). Plaintiff talked to the dentist about his tooth pain, and the dentist said that the pain would "eventually go away." (Doc. 9, p. 4).

In December 2012, Plaintiff was transferred to the United States Penitentiary in Florence, Colorado. Sometime thereafter, Plaintiff was allegedly informed that he had a dental infection, and that no root canal had previously been performed on the tooth. (Doc. 1, p. 11; Doc. 9, p. 4).

## Law and Analysis

1. **Federal Tort Claims Act**

The FTCA provides consent for suits against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA contains its own exhaustion

provision, which is jurisdictional.[2] Therefore, Plaintiff was ordered to provide the Court with proof of exhaustion. Plaintiff responded that he does not have copies of his FTCA claim forms. Plaintiff alleges that the FTCA claim was filed in February 2015. (Doc. 9, p. 5).

A two-year statute of limitations, from the accrual date, applies for FTCA claims. 28 U.S.C. § 2401(b). Indeed, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The Fifth Circuit has held that an action accrues when the "claimant discovered or, in the exercise of reasonable diligence should have discovered, the existence of the acts upon which his claim is based." Quinton v. United States, 304 F.2d 234 (5th Cir. 1962).

Plaintiff knew in 2009 that his dental treatment had not been completed. He continued to experience tooth pain from that date, and his request for the completion of the root canal was denied. Nevertheless, Plaintiff did not file a tort claim until 2015. In 2009, Plaintiff knew of the existence of the acts upon which his FTCA claim is based – the allegedly improper or unfinished root canal. He had two years from

---

[2] 28 U.S.C. §2676(a) provides in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

3

that time within which to timely seek relief under the FTCA. The FTCA claim is now time-barred.

## 2. Injunctive Relief

Plaintiff seeks injunctive relief against the BOP under <u>Bivens</u>. Plaintiff asks that this Court issue an injunction directing the BOP to "fix" Plaintiff's tooth. (Doc. 9, p. 8). <u>Bivens</u> only authorizes claims against individual federal officers, not agencies. <u>See</u> <u>Patel v. Santana</u>, 348 F. App'x 974, 976 (5th Cir. 2009) (citing <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 484-86 (1994)). Thus, Plaintiff's <u>Bivens</u> claim against the BOP should be dismissed.

Moreover, <u>Bivens</u> authorizes the Court to award money damages, not injunctive relief. <u>See</u> <u>Patel v. Santana</u>, 348 F. App'x 974, 976 (5th Cir. 2009) (unpublished) ("[I]njunctive relief ... [is] a form of relief that would not be proper under Bivens").

Finally, Plaintiff is not incarcerated at a facility within this judicial district. To the extent that Plaintiff is being denied dental treatment at South Mississippi Correctional Institution in Leakesville, Mississippi, he should seek relief through that facility and/or file suit against specific defendants in the federal district court where the facility is located. <u>See</u> 28 U.S.C. § 1391(b).

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

4

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge